IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NORRIS T. POWELL "SR." et al, on
behalf of himself,

OPINION and ORDER

               Plaintiff,

09-cv-306-slc[1]

    v.

RICK RAEMISCH,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights lawsuit, plaintiff Norris T. Powell alleges that prison

officials violated his rights in assorted ways. He has requested leave to proceed in forma

pauperis and Magistrate Judge Stephen L. Crocker has determined that presently plaintiff

does not have the means with which to pay an initial partial payment of the filing fee.

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the

court to deny leave to proceed if plaintiff has had three or more lawsuits or appeals dismissed

for lack of legal merit or if his complaint is legally frivolous, malicious, fails to state a claim

upon which relief may be granted or asks for money damages from a defendant who by law

---

[1]Because the parties have not yet consented to the magistrate judge's jurisdiction to
decide dispositive questions in this case, I am ruling on the question whether plaintiff may
proceed with one or more of the claims raised in his proposed complaint.

cannot be sued for money damages.  28 U.S.C. § 1915(e)(2).  However, plaintiff is also a pro

se litigant, which means his complaint will be construed liberally as it is reviewed for these

defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).

Unfortunately for plaintiff, I cannot consider the merits of his complaint at this time

because his pleading violates both Rules 8 and 20 of the Federal Rules of Civil Procedure.

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Plaintiff's complaint is short, but it fails

to give defendant notice of what he is alleged to have done to violate plaintiff's

constitutional rights.

First, plaintiff seems to have filed two "complaints."  He submits a complaint with

a proper caption in which he alleges that prison officials are making fun of him by calling

him "Chuck Norris."  However, he also submits a letter, addressed to the court, in which he

raises several concerns about the conditions of his confinement.  This was a mistake.

Plaintiff cannot use a letter to add allegations to his complaint.  All his allegations should be

in a single document containing a proper caption.

Next, although plaintiff identifies several types of mistreatment, he does not identify

*who* was involved in any of them.  For example, he alleges that "they" call him "Chuck

Norris," "the C/O's who work here" call him names, "they" keep writing him conduct reports

for little things, "they" are refusing his medication and "they refuse to give him the right

2

food.  In addition, his allegations are too vague to support a lawsuit.  He does not identify

particular incidents of mistreatment, instead stating only generally that certain bad things

"are happening" to him.  Plaintiff fails to describe the context of those bad things.  Plaintiff

must describe the incident or series of incidents, including *when* it occurred, *who* is involved

in each accident or responsible for it and *how* each person was involved or responsible.

Finally, plaintiff names only Rick Raemish as defendant.  It may be that he intended

to name other defendants as well, in particular those officials who directly engaged in bad

behavior.  If so, the names of each of those defendants must be in the caption.  If plaintiff

is seeking to pursue his claims only against Rick Raemisch, he will have to identify what role

defendant Rick Raemisch took in relation to each of the bad acts plaintiff identifies.  Because

plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice.

Plaintiff is free to file an amended complaint that fixes the problems I have mentioned.

If plaintiff chooses to file a new complaint to address the Rule 8 problems, he will

need to address additional problems in his complaint.  Under Fed. R. Civ. P. 20, a plaintiff

may not include separate claims against separate defendants in a single suit.  As the court

of appeals held in <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007), a plaintiff may join

separate claims in a single lawsuit only if the claims are asserted against the same defendant,

Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or

series of transactions or occurrences and if any question of law or fact common to all

3

defendants will arise in the action." Fed. R. Civ. P. 20.  Thus, a claim that one set of prison officials abused plaintiff does not belong in the same lawsuit as a claim that a different set of prison officials failed to provide him medication, or that a third set of prison officials provided him inadequate food.

Plaintiff's Rule 8 violations make it impossible to sort out what his claims are, or, to the extent he has separate claims, which of those claims belong to separate lawsuits.  The only advice I can offer plaintiff if that if he wishes to raise unrelated claims against different defendants, he will have to file a separate lawsuit for each unrelated claim.  In addition, when he drafts his separate complaint, the court and the defendants should be able to answer the following questions:

- What happened to make plaintiff believe that a particular constitutional right was violated?  What were the circumstances?
- Who is responsible for the violation?  What did each defendant do?
- What does plaintiff want the court to do about the matter?

If plaintiff files a proposed amended complaint that complies with Rule 8 but has continuing Rule 20 violations, I will sever the separate claims into separate lawsuits.  At that point, plaintiff will have to decide which of the separate lawsuits he wishes to pursue, on the understanding that he will be required to pay a filing fee and will expose himself to the risk

4

of earning a strike for any claim that fails to state a claim upon which relief may be granted

or is legally meritless.

ORDER

IT IS ORDERED that:

1.  Plaintiff Norris T. Powell, Sr.'s complaint is DISMISSED without prejudice

because it violates Fed. R. Civ. P. 8 and 20.

2.  Plaintiff may have until July 3, 2009, in which to submit a proposed amended

complaint that conforms to the requirements of these rules.  If, by July 3, 2009, plaintiff fails

to respond to this order, the clerk of court is directed to close this case for plaintiff's failure

to prosecute.

3.  If, by July 3, 2009, plaintiff submits a revised complaint as required by this order,

I will take that complaint under advisement for a determination whether plaintiff may

proceed pursuant to 28 U.S.C. § 1915.

Entered this 15th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5